UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                             :
SAVINO DEL BENE U.S.A., INC.,                                :
                                                             :   **ORDER GRANTING IN PART**
                                            Plaintiff,       :   **AND DENYING IN PART**
            -against-                                        :   **MOTION FOR SUMMARY**
                                                             :   **JUDGMENT**
MINAGREX CORPORATION d/b/a MGX and                           :
MGX STONE,                                                   :   21 Civ. 6782 (AKH)
                                                             :
                                            Defendant.       :
------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

This dispute concerns Defendant Minagrex Corporation's ("Defendant") failure to pay 16 invoices for shipping services allegedly provided by Plaintiff Savino del Bene U.S.A., Inc. ("Plaintiff"). Plaintiff claims that it arranged the carriage of cargo containers from various ports in Thailand and Brazil to Houston and destinations inland in the United States on Defendant's behalf, and that despite receiving Plaintiff's invoices, Defendant refuses to pay for the services rendered. Plaintiff brought this action for breach of contract and account stated and now moves for summary judgment on said claims (ECF No. 13).

Defendant admits that Plaintiff provided shipping services but disputes that it owes Plaintiff for the 16 invoices at issue. As to 11 of them, for shipping services provided between March and August 2020, Defendant claims that the bills of lading incorrectly listed Defendant as the consignee, when the actual consignee was another unrelated company—an objection Defendant raised by email on October 23, 2020. Defendant therefore claims that it is not obligated to pay those invoices. Although Plaintiff issued the bills of lading, there is no proof that they were accepted by, even delivered to, Defendant.

1

Another 2 invoices concern shipping containers that Plaintiff held at port in October 2020, in order to compel Defendant to pay its past due balance. Although Defendant objected to Plaintiff's holding of the containers in the October 23 email, Plaintiff claims, but Defendant disputes, that Plaintiff subsequently delivered the containers, and that Defendant has failed to pay the invoices. Plaintiff offers no proof of delivery.

Finally, as to the remaining 3 invoices, Defendant claims that it is not obligated to pay because they were sent in January and February 2021, and that Defendant's October 23 email canceled all future orders. However, the proof of record shows that the deliveries were made earlier than October 23, 2020. Two invoices dated January 15, 2021 covered goods delivered on August 9, 2020, *see* Decl. of Fabrizio Giugno, Exhibit 3, at 24, ECF No. 14-3, and September 29, 2020, *see id.* at 25, and the invoice dated February 6, 2021 covered goods delivered on March 8, 2020. *See id.* at 26.

Defendant therefore opposes summary judgment on Plaintiff's breach of contract claim because there remains a genuine issue of material as to whether it was obligated to pay Plaintiff for the 16 disputed invoices, and thus a question as to whether its failure to pay constitutes actionable breach.[1] In addition, Defendant opposes summary judgment on Plaintiff's claim for account stated based on the objections raised in its October 23 email, which Plaintiff now contends are untimely as a matter of law.

---

[1] Defendant also argues unpersuasively that Plaintiff's claim for breach of contract fails for want of a valid contract. *See* Opposition ("Opp.") at 7–8, ECF No. 18. It points to the bills of lading and notes that they lack a pricing term, which Defendant claims is evidence of lack of mutual assent or intent to be bound. *See id.* Plaintiff rightly notes that the invoices themselves contain the pricing term, and that the contract can be inferred from the combination of the bills of lading and invoices. *See* Reply at 7–8, ECF No. 22. Defendant also seeks to avoid payment because it claims that Plaintiff failed to credit past payment for $32,888.88. *See* Opp. at 3. Plaintiff adequately rebuts this contention in its Reply brief, attaching the statement of account, and showing the various invoices to which it applied Defendant's cited payment. *See* Savino's Records of MGX Payments at 3–4, ECF No. 20, Ex. 1.

I agree with Defendant that, on the whole, summary judgment is premature. As to Plaintiff's claim for breach of contract, there remains a dispute as to whether Defendant is liable for the 11 invoices that Defendant contends improperly list it as the consignee, and for the 2 invoices concerning the containers that Plaintiff held at port, and for which, Defendant disputes delivery. Due to the outstanding disputes, summary judgment is denied as to these 13 invoices.

As to the 3 invoices dated January and February 2021, however, Defendant's claim that it is not obligated to pay based on the October 23 email is without merit. The invoices show that goods were delivered in March, August, and September 2020. A later cancellation cannot affect a delivery that already occurred. I therefore find that Defendant is obligated to tender payment on the invoices dated 2021 and grant Plaintiff's motion as to those three invoices.

Finally, as to Plaintiff's account stated claim, summary judgment is also not warranted. "An account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due." *Jim-Mar Corp. v. Aquatic Constr., Ltd.*, 195 A.D.2d 868, 869 (3d Dep't 1993) (cleaned up). An agreement as to the amount due is implied where an invoice is received and kept without objection made within a reasonable time. *Id.* Although Plaintiff conclusorily asserts that it issued invoices timely, the three 2021 invoices, for services rendered in July and September 2020, undermines this contention, and leaves open the question of whether Defendant's October 23 objections were, in fact, untimely.

In conclusion, Plaintiff's motion is granted in part and denied in part. The motion is granted as to the 3 invoices sent to Defendant in 2021, but denied as to the remaining 13 invoices. Oral argument scheduled for May 16, 2022 is cancelled. The Clerk of Court shall

terminate the motion (ECF No. 13), and the parties shall appear for a status conference on May 20, 2022, at 10 a.m.

SO ORDERED.

Dated: April 27, 2022
New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge